WILLIAM A. McGILLIS AND JAMES HOGAN
v.
H. GALE.

*Agency—Evidence—Instructions.*

1. In an action on a due bill, it is held that the evidence was sufficient to warrant the findings that the person who issued it had authority as defend-

ants' agent to do so, and that defendants afterward ratified its execution, and that there was no error in the giving or refusing of instructions.

2.   Unless all the instructions given for appellants are contained in the abstract, this court will presume that their refused instructions were properly refused.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Kankakee County; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. EDWARD E. DAY, for appellants.

Mr. H. K. WHEELER, for appellee.

LACEY, J.   This was a suit brought in the Circuit Court on a due bill issued to appellee by appellants, as is claimed by their agent, L. R. Taylor, for $365.57, dated November 18, 1882, reciting that it was given for supplies and labor on the I. I. & I. R. R. during the month of November.   The appellants put the execution of the due bill in issue by a plea of *non est factum* sworn to.   It was claimed and insisted on in the court below by the appellants, that Taylor had no authority to execute the due bill, and as to the account for work and labor done by and furnished for appellants as contractors, on said railroad, they plead the five years statute of limitations. The main question in this case is, as to whether Taylor had authority in the first instance to execute the instrument sued on, and whether, secondly, they ratified the execution of the note subsequently.   It appears that appellants had a sub-contract on the railroad, mentioned in the due bill, under the Western Air Line Construction Co., and that they employed a large number of men to do the work, and among others, the appellee.   While appellants were building the road across her land she boarded the workmen for appellants and furnished teams to help do the work.   She was directed by McGillis, that if she wanted anything to facilitate the boarding of the hands to send order to Taylor, and she got an order subsequently from Taylor to get lumber.   After appellants had suspended work, appellee's husband went to Momence to get the pay, and there found Taylor at a little house near the

Miller Hotel drawing due bills for labor and work, and settling up with a large number of appellants' employes for their work and labor. Taylor was appellants' bookkeeper. McGillis testifies that Taylor's general duties were to keep the time for the men, make pay rolls and keep private accounts, and he commenced about one week from the time appellants commenced work. It appears that at this settlement with the men, Taylor issued due bills to a large number of others the same as he did to appellee, and that large amounts of them have been recognized and paid by the appellants; and Alfred Gale, the husband of appellee, testified, that at an interview with McGillis, one of the appellants, not long after the due bill was issued, showed it to him, and that McGillis promised to pay it. This, however, the latter denies. We think, at least, that it was a fair question for the jury, whether the witness Gale testified to the truth or McGillis. It was also a fair question for the jury to determine whether, under all the. evidence in the case, the bookkeeper, Taylor, had original authority to execute the due bill; also whether, if such authority was wanting, whether or not appellant subsequently ratified it. After an examination of the evidence, we are satisfied that there was abundant evidence from which the jury might rightfully find both these issues for the appellee.

The giving of the plaintiff's instructions is complained of, but we think there can be no valid objection to any of them. They appear to submit the question at issue fairly to the jury. The appellants also insist that the court erred in refusing appellants' refused instructions Nos. 1 and 2. We have examined them and are of the opinion that they were properly refused; besides, those given for appellants are not abstracted, and we are unable to tell, even if the refused instruction were proper, whether the court did not embody the same principles in others given for appellants. It is the duty of the court to so hold if those given are not abstracted. The rules of this court require that all the instructions given as well as refused, shall be abstracted.

Seeing no error in the record the judgment is affirmed.

*Judgment affirmed.*